DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

FORREST THOMAS,

                    Plaintiff,          2003-CV-0163

    v.

CENTENNIAL COMMUNICATIONS
CORP., CENTENNIAL CRIBBEAN
HOLDING CORP., and CENTENNIAL
USVI OPERATIONS CORP.,

                    Defendants.
_____

TO:   Lee J. Rohn, Esq.
        Simone R.D. Francis, Esq.

### ORDER

THIS MATTER is before the Court upon Plaintiff's Motion to Strike Expert Report of Paul F. White and to Preclude Him From Testifying (Docket No. 160) and Motion to Stay Rebuttal Deadline (Docket No. 161). Defendant Centennial USVI Operations Corp. filed an opposition to each motion. The time for filing any reply has expired.

With regard to Plaintiff's motion to strike, the record reflects that Defendant Centennial USVI Operations Corp. filed a Notice of Defendant's Designation of Paul F. White as an Expert Witness (Docket No. 152), by the deadline for naming its experts. Although Mr. White's report was not submitted at the same time as his designation, said

*Thomas v. Centennial Communications Corp.*
2003-CV-0163
Order
Page 2

Defendant filed a Motion For Enlargement of Time to Furnish Expert Report of Paul F. White (Docket No. 151), which the Court granted *nunc pro tunc* by Order (Docket No. 162), entered March 25, 2009. The order allowed said Defendant until March 2, 2009, to file the report; the record demonstrates that said Defendant filed a notice of service of expert report on March 5, 2009.

In his attempt to demonstrate prejudice, Plaintiff asserts, "Defendant filed its expert report four (4) days after the time for expert depositions has expired." Motion at 1. However, in the sentence immediately preceding this claim, Plaintiff acknowledges that the Court "set the deadline for expert depositions to be completed by May 1, 2009." *Id*. Obviously, March 5, 2009, did not occur (4) days past May 1, 2009. Even in the absence of such a ludicrous statement, the Court finds that the additional three (3) days does not prejudice Plaintiff in any way. Consequently, the Court will deny the motion to strike.

As a result of filing his motion to strike, Plaintiff felt compelled to file a motion to stay rebuttal deadline. Motions to stay are committed to the sound discretion of the Court. *See, e.g., Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983). Being advised in the premises and upon due consideration thereof, the Court finds that a stay of rebuttal deadline is not warranted.

Accordingly, it is now hereby **ORDERED**:

*Thomas v. Centennial Communications Corp.*
2003-CV-0163
Order
Page 3

1. Plaintiff's Motion to Strike Expert Report of Paul F. White and to Preclude Him From Testifying (Docket No. 160) is **DENIED**.

2. Plaintiff's Motion to Stay Rebuttal Deadline (Docket No. 161) is **DENIED**.

ENTER:

Dated: May 22, 2009                          /s/ George W. Cannon, Jr.
                                             GEORGE W. CANNON, JR.
                                             U.S. MAGISTRATE JUDGE