IN THE UNITED STATES DISTRICT COURT
FOR THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| FORREST THOMAS, | ) |
| | ) No. 3-163 |
| Plaintiff, | ) |
| v. | |
| CENTENNIAL COMMUNICATIONS CORP., CENTENNIAL CARIBBEAN HOLDING CORP., and CENTENNIAL USVI OPERATIONS CORP., | |
| Defendants. | |

**OPINION AND ORDER**

**SYNOPSIS**

In this civil action, Plaintiff brought suit against the three Defendants under Title VII of the Civil Rights Act, and the Family Medical Leave Act, alleging discrimination in employment. By Order dated September 4, 2014, this Court granted summary judgment in favor of Defendants Centennial Caribbean Holding Corporation ("Centennial Caribbean") and Defendant Centennial Communications Corporation ("Centennial Communications"), on grounds that neither Defendant was Plaintiff's "employer." By Order dated October 10, 2014, the Court granted partial summary judgment in favor of Defendant Centennial USVI Operations Corp. ("Centennial USVI"), on Plaintiff's federal claims, and declined to exercise jurisdiction over Plaintiff's remaining state law claims. Defendants Centennial Caribbean and Centennial Communications filed a Bill of Costs on October 23, 2014. Absent action by the Clerk, they again filed the Bill of Costs again on August 10, 2018. The Clerk taxed costs on August 13, 2018, in the amount of $6,932.30. The entire taxed amount related to "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." Plaintiff has

1

objected, on grounds of indigence and because the subject transcripts will be used by Centennial USVI in his pending state law claims against Centennial USVI. For the following reasons, costs will be awarded in the amount of $100.00.

## OPINION

Federal Rule of Civil Procedure 54(d) "creates the 'strong presumption' that costs are to be awarded to the prevailing party." In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 462 (3d Cir. 2000). Pursuant to 28 U.S.C. § 1920, fees for transcripts "necessarily obtained for use in the case" may be taxed as costs. A court, however, may decline to award costs if such an award is "inequitable." Id. Accordingly, a court may also reduce an award. See, e.g., Bourne v. Lancaster Cnty. Prison, No. 06-0293, 2011 U.S. Dist. LEXIS 10578, at *8 (E.D. Pa. Feb. 2, 2011).

> [I]f a party is indigent or unable to pay the full measure of costs, a district court may, but need not automatically, exempt the losing party from paying costs." …"In assessing the [p]laintiff's indigency or modest means . . . [a] [c]ourt should measure each [p]laintiff's financial condition as it compares to whatever award the [c]ourt decides to tax against him or her." …No "hard and fast rules" exist for assessing a losing party's indigency or inability to pay. … "[D]istrict courts should use their common sense in making this determination."

Yudenko v. Guarinni, No. 06-cv-4161, 2010 U.S. Dist. LEXIS 59494, at *15 (E.D. Pa. June 14, 2010) (citations omitted).

The burden of demonstrating the inability to pay rests with the party so asserting. Chatragadda v. Duquesne Univ., No. 15-1051, 2017 U.S. Dist. LEXIS 148957, at *1 (W.D. Pa. Sep. 14, 2017).

Mr. Thomas has submitted an affidavit stating that he has been "mostly unemployed" since his termination by Defendants, and works as an independent contractor, earning enough merely to pay rent. He has no savings and has six dollars in his checking account; he has no

health insurance or other assets. Due to loss of income, he has lost his home of 45 years to foreclosure, and suffered losses due to Hurricanes Irma and Maria. As he states in his affidavit, "I cannot possibly afford to pay the $6,932.30, as I am barely scraping by as it is." The record contains no information that contradicts Plaintiff's affidavit.

I take note of other factors. Previously in this proceeding, I observed that "the facts of record here undoubtedly present a case of corporate involvement, as is typical with a corporate family," showing "administrative overlap," including common training and some cross-eligibility for health insurance. All Defendants were represented by the same counsel, and the defense was conducted collectively. Plaintiff has brought his dismissed territorial law claims against Centennial USVI, which overlap with the claims asserted in the present case, in the Superior Court of the Virgin Islands. The possible use of the subject depositions in the pending Virgin Islands litigation does not negate the fact that they were "necessarily obtained for use" in this federal matter, but it does factor into the equities of the situation. Furthermore, Plaintiff's good faith is not in question here, and his claims were not decided on the merits; Plaintiff continues to press his claims in another forum.

In support of its request for costs, Defendants argue that its Bill of Costs is reasonable; that they were, in fact, prevailing parties entitled to costs in this case, regardless of the fact that another Defendant might use the depositions in a different case; and that Plaintiff has not provided specific information regarding his financial situation -- for example, whether he received or expects to receive funds from prior insurers or disaster relief programs.

Defendants correctly point out that our Court of Appeals has rejected "the general proposition that it is "inequitable" to tax costs in favor of a prevailing party with substantially greater wealth than the losing party," because it could result in the denial of costs to large

3

institutions "in most cases even when their unsuccessful adversaries could well afford to pay for them." Id. at *99-100. Under Smith, therefore, "relative ability to pay" is not appropriately considered. Reger v. Nemours Found., Inc., 599 F.3d 285, 289 (3d Cir. 2010). Although relative wealth is not to be considered, however, it remains that "a party may be exempted from costs if he is in fact indigent, if he has adduced evidence that he is indigent, and if the district court sees fit to reduce the costs award imposed for reasons of equity." In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 464 (3d Cir. 2000).

Courts have, at times, taken creative approaches to a losing party's inability to pay costs. For example, in Martinez v. Hongyi Cui, No. 06-40029, 2009 U.S. Dist. LEXIS 97267, at **13-15 (D. Mass. Apr. 13, 2009), the Court considered awardable costs of almost $3,000.00, and a plaintiff's affidavit asserting inability to pay. The affidavit, like the one at issue here, lacked details and supporting documentation. Id. at **14-15. The Court stated, accordingly, that plaintiff "arguably failed to carry her burden of proving indigence." Id. at **14-15. Nonetheless, the Court also noted that there was no contrary evidence of record, and that it was reasonable to infer that the plaintiff could not afford to pay almost $3,000.00 in costs. Id. at *15. Therefore, the Court awarded $100.00 in costs, an amount "relatively trivial and somewhat symbolic under the circumstances," as such an award would "best comport with the spirit of Rule 54(d)." Id. The Court stated that it would retain jurisdiction over the matter for a year, in the event that evidence arose regarding plaintiff's ability to pay a greater amount. Id.

Here, the record supports a similar approach. Plaintiff has credibly asserted an inability to pay the full costs of $6,932.30. He has, however, also indicated that he has some degree of employment and earns enough to pay his rent. He has not submitted details regarding his monthly expenses or income. Under the circumstances, he has arguably failed to bear his burden

4

such that the applicable presumption is entirely overcome, and Defendant should be awarded no costs at all. In light of all of the considerations discussed <u>supra</u>, however, it would be inequitable to assess the full measure of costs. Instead, equity, common sense, and the principles underlying Rule 54(d) support an award of $100.00. If additional evidence emerges regarding Plaintiff's ability to pay costs in this matter, any party is free to bring such evidence to this Court's attention.

## CONCLUSION

In conclusion, Plaintiff's objections to the Bill of Costs are overruled in part and sustained in part, and costs will be awarded in Defendant's favor in the amount of $100.00. An appropriate Order follows.

BY THE COURT:

*Donetta F. Ambrose*

———————————————

Donetta W. Ambrose

Senior Judge, U.S. District Court

Dated: October 11, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

FORREST THOMAS, )
                                  ) No. 3-163
Plaintiff, )
v.

CENTENNIAL COMMUNICATIONS
CORP., CENTENNIAL CARIBBEAN
HOLDING CORP., and CENTENNIAL
USVI OPERATIONS CORP.,

Defendants.

## ORDER

AND NOW, this 11th day of October, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's objections to the Bill of Costs are overruled in part and sustained in part. Defendants are awarded costs in the amount of $100.00.

                                                            BY THE COURT:

                                                            _/s/ Donetta F. Ambrose_

                                                            Donetta W. Ambrose

                                                            Senior Judge, U.S. District Court